DLD-304                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1315
_____

RICARDO PIERRE-LOUIS,
                                        Appellant

v.

WARDEN CANAAN USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:11-cv-01801)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 10, 2014
Before:  SMITH, HARDIMAN and COWEN, Circuit Judges

(Opinion filed: August 4, 2014)
_____

OPINION
_____

PER CURIAM

        Ricardo Pierre-Louis, a federal inmate, appeals pro se from orders of the United

States District Court for the Middle District of Pennsylvania (1) dismissing the petition

he filed pursuant to 28 U.S.C. § 2241; and (2) denying his motion for reconsideration and

motion to add a supplemental claim. We will affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

I.

Following a jury trial in the United States District Court for the District of Maine, Pierre-Louis was convicted of conspiracy to distribute and possession with intent to distribute fifty or more grams of cocaine base. He was sentenced to life imprisonment, and the United States Court of Appeals for the First Circuit upheld his conviction and sentence. In 2008, Pierre-Louis brought a collateral challenge to his conviction pursuant to 28 U.S.C. § 2255, but the sentencing court denied him relief and he failed to obtain a certificate of appealability from the First Circuit.

In 2011, after he had been transferred to the United States Penitentiary, Canaan, in Pennsylvania, he filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania (hereinafter "the District Court") pursuant to 28 U.S.C. § 2241. He alleged that the trial court lacked jurisdiction over the geographic location where his crimes were committed. He also alleged that, following the Supreme Court's decision in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), his sentence enhancement based on prior drug-related convictions was improper. The District Court determined that Pierre-Louis had not demonstrated that § 2255 was inadequate or ineffective to bring his jurisdiction-based claim and that Carachuri-Rosendo had not been made retroactive to cases on collateral review. Accordingly, the District Court dismissed Pierre-Louis's petition on November 2, 2011. In its order, the

2

District Court noted that Pierre-Louis could seek reconsideration within fourteen days if he presented a decision establishing that Carachuri-Rosendo was made retroactive to cases on collateral review.

Pierre-Louis then filed a motion for reconsideration, which he later amended.[1] In his amended motion, he argued that other circuits have held Carachuri-Rosendo to be retroactively applicable to cases on collateral review. While his amended motion was pending, he filed a motion to add a supplemental claim based on Alleyne v. United States, 133 S. Ct. 2151 (2013). The District Court determined that Carachuri-Rosendo was not retroactively applicable and that Pierre-Louis had failed to "establish the presence of any errors of law or fact" or to "set forth any newly discovered evidence or precedent." Accordingly, the District Court denied Pierre-Louis's motion for reconsideration and denied his motion to add a supplemental claim. Pierre-Louis appeals.

II.

A certificate of appealability is not required to appeal the denial of a § 2241 petition. Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). We thus have

---

[1] The District Court granted Pierre-Louis's request to file an amended motion for reconsideration and deemed his initial motion withdrawn. We consider the amended motion to be the operative document. We also construe it as a motion brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, as it was largely based on an allegation of legal error. See Fed. R. Civ. P. 59(e); see also Ahmed v. Dragovich, 297 F.3d 201, 208 (3d Cir. 2002) (stating that "we are free to recharacterize the motion to . . . match the substance of the relief requested").

3

jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a),[2] and we exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. Vega v. United States, 493 F.3d 310, 313-14 (3d Cir. 2007). We review for abuse of discretion the District Court's denial of a motion seeking reconsideration. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). We may summarily affirm if the appeal does not raise a substantial question. See 3rd Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

The District Court properly dismissed Pierre-Louis's § 2241 petition. A motion filed under § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). By contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that challenges to the execution of a sentence include, e.g., challenges to wrongful revocation of parole, place of imprisonment, and credit for time served). We agree with the District

---

[2] We deem Pierre-Louis's amended motion for reconsideration to relate back to his originally-filed motion, and thus we have jurisdiction over the District Court's November 2011 order dismissing his § 2241 petition as well as its January 2014 order denying reconsideration and denying his request to add a supplemental claim. See Fed. R. App. P. 4(a)(4)(A).

4

Court that Pierre-Louis's claims are actually an attack on the validity of his sentence and, as such, must presumptively be brought pursuant to § 2255 in the sentencing court.

However, a petitioner can seek relief under § 2241 if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for actions later deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

Pierre-Louis argued that his sentence enhancement on the basis of two prior drug-related convictions was improper in light of Carachuri-Rosendo, in which the Supreme Court held that "when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been convicted . . . of a felony punishable as such under the Controlled Substances Act." 560 U.S. at 581-82 (internal quotation marks omitted). Because he is not claiming that the actions underlying his current conviction have been deemed to be non-criminal by Carachuri-Rosendo, he has not demonstrated that the narrow exception outlined in Okereke applies

5

to his case. Moreover, claims of sentencing error like his are generally not cognizable on § 2241 review. See Okereke, 307 F.3d at 120-21. We therefore agree with the District Court that Pierre-Louis did not show that § 2255 is "inadequate or ineffective" to test the legality of his detention. See In re Dorsainvil, 119 F.3d at 251.

Nor has Pierre-Louis established that the District Court erred in denying his motion for reconsideration. A Rule 59(e) motion must be based on one of three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis, 591 F.3d at 669. Pierre-Louis asserted that the District Court erred in concluding that Carachuri-Rosendo was not made retroactive to cases on collateral review, and he relied on the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). However, for the reasons discussed above, even had Carachuri-Rosendo been made retroactive, Pierre-Louis has not established that relief under § 2241 is appropriate for his claims. For that same reason, the District Court did not err in denying Pierre-Louis's motion to add a supplemental claim based on Alleyne.[3]

---

[3] In Alleyne, the Supreme Court held that a fact that triggers a mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt. 133 S. Ct. at 2155. We recently held that Alleyne is not retroactive to cases on collateral review. United States v. Reyes, No. 13-3537, 2014 WL 2747216, at *2 (3d Cir. June 18, 2014).

Accordingly, we will affirm the judgments of the District Court.[4]

---

[4] We note that there was no reason for the District Court to transfer Pierre-Louis's § 2241 petition to the sentencing court to be treated as another § 2255 motion, because Pierre-Louis has demonstrated that he knows how to raise challenges in the sentencing court and, in fact, he has already raised his Alleyne claim there, see Def.'s Mot. for Relief from Final J., No. 2-04-cr-00023-GZS, ECF No. 546 (D. Me. July 2, 2013).