J-S44041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEANTE DRAKE | |
| Appellant | No. 420 WDA 2014 |

Appeal from the PCRA Order January 14, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0011923-1993

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 21, 2014**

Deante Drake appeals, *pro se*, from the order entered January 14, 2014, in the Allegheny County Court of Common Pleas dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  Drake seeks relief from the judgment of sentence of four and one-half to 10 years' imprisonment, followed by four years' probation, imposed on **May 4, 1995**, after Drake entered a guilty plea to charges of possession with intent to deliver (PWID) cocaine, possession of marijuana, and criminal conspiracy.[1]  On appeal, Drake contends plea counsel provided him with "improper information" concerning the sentencing range of crimes for which he pled guilty, in violation of **Alleyne v. United States**, 133 S.Ct.

---

[1] 35 P.S. §§ 780-113(a)(30) and (a)(16), and 18 Pa.C.S. § 903, respectively.

2151 (U.S. 2013). Drake's Brief at 4. For the reasons set forth below, we affirm.

On August 27, 1993, Drake was arrested and charged with PWID cocaine, possession of marijuana and criminal conspiracy. On May 4, 1995, he entered a negotiated guilty plea to all three charges. Pursuant to the terms of the plea agreement, the trial court sentenced him, that same day, to four and one-half to 10 years' imprisonment for PWID and four years' consecutive probation for criminal conspiracy. No further penalty was imposed on the possession charge. The trial court specifically directed that Drake's sentence would run concurrently with a sentence he was then serving in Washington County. *See* N.T., 5/4/1995, at 11-12. Further, the court stated the effective date of sentencing would be the date of his arrest, August 27, 1993, so that he would receive credit for time-served since that time. *See id.* at 12. No direct appeal was filed.

Approximately 16 years later, on June 27, 2011, Drake filed a *pro se* document entitled "Petition to Withdraw Sufficient Facts," claiming his plea counsel did not properly inform him of his constitutional rights prior to the entry of his guilty plea.[2] Affidavit in Support of Petition to Withdraw Sufficient Facts, 6/27/2011, at ¶ 9. The PCRA court treated the petition as a

---

[2] As we will discuss *infra*, Drake's sentence for the guilty plea charges expired in August of 2007.

first request for PCRA relief, and appointed counsel, who on January 5, 2012, filed a petition to withdraw and accompanying **Turner**/**Finley**[3] "no-merit" letter. On January 9, 2012, the PCRA court granted counsel's petition to withdraw. Thereafter, following proper Rule 907[4] notice, the PCRA court dismissed Drake's petition as untimely filed on March 30, 2012. No appeal was filed.

Nearly two years later, on January 14, 2014, Drake filed a *pro se* motion seeking leave to supplement and/or reconsider his prior PCRA petition. Relying on the United States Supreme Court's recent decision in **Alleyne**, **supra**,[5] Drake asserted that plea counsel "failed to provide him with the proper information concerning the sentencing range of the crime(s) that he actually pled guilty to[.]" Memorandum of Law, 1/14/2014, at 7.

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] Pa.R.Crim.P. 907.

[5] In **Alleyne**, **supra**, the United States Supreme Court expanded upon its decision in **Apprendi v. New Jersey**, 530 U.S. 466 (2000), holding that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, **supra**, 133 S.Ct. at 2155.

On January 21, 2014, the trial court entered an order denying Drake's motion.[6] This appeal followed.[7]

In his *pro se* brief, Drake argues plea counsel provided him with "misadvice" regarding the sentencing range of the crimes for which he was pleading guilty, and, specifically, did not inform him, pursuant to ***Alleyne***, that he was entitled to have "a jury determine the identity of the controlled substance beyond a reasonable doubt." Drake's Brief at 8. Moreover, he argues that his improper sentence in the case *sub judice* "is currently being used in the United States District Court for the Northern District of West Virginia, to enhance [a federal] sentence."[8] Drake's Brief at 5.

When reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by record evidence and is free of legal error. ***Commonwealth v. Burkett***, 5 A.3d

---

[6] We note that the trial court did not provide Drake with the requisite Rule 907 notice before denying his most recent petition. Nevertheless, "our Supreme Court has held that where the PCRA petition is untimely, the failure to provide such notice is not reversible error." ***Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa. Super. 2014). We conclude the same reasoning applies here, where the present petition is Drake's second attempt at collateral relief, and he is no longer serving the sentence he is challenging. ***See infra***.

[7] The PCRA court did not order Drake to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[8] Drake does not specify how his sentence in the case *sub judice* is being used to "enhance his sentence" in the federal case. ***See*** Drake's Brief at 5.

1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

Here, the PCRA court dismissed Drake's petition as untimely filed. While we agree the petition was untimely filed pursuant to 42 Pa.C.S. § 9545(b)(1), we conclude that Drake has, initially, failed to plead and prove that he is eligible for relief pursuant to 42 Pa.C.S. 9543(a)(1), which provides, in pertinent part, as follows:

> **(a) General rule.**--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> > (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth **and is at the time relief is granted**:
> >
> > > (i) **currently serving a sentence of imprisonment, probation or parole for the crime**;
> > >
> > > (ii) awaiting execution of a sentence of death for the crime; or
> > >
> > > (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543(a)(1)(i)-(iii) (emphasis supplied). In the present case, Drake has failed to demonstrate that he is still serving a sentence for the conviction which he is appealing.

- 5 -

As previously stated, on May 4, 1995, Drake was sentenced to a term of four and one-half to 10 years' imprisonment, followed by a consecutive four years' probation. The trial court directed the sentence run concurrently with another sentence Drake was then serving, and that the sentence would be effective as of the date of his arrest, August 27, 1993. Accordingly, his sentence in the present matter would have expired in August of 2007, six and one-half years before the instant petition was filed. Therefore, Drake is not entitled to PCRA relief. **See Commonwealth v. Price**, 876 A.2d 988, 994 (Pa. Super. 2005) ("[I]f the court's decision is correct, we can affirm on any ground.") (quotation omitted), *appeal denied*, 897 A.2d 1184 (Pa. 2006), and *cert. denied*, 549 U.S. 902 (2006).

In his reply brief, however, Drake argues that, even if we find he is not entitled to relief under the PCRA, we should consider his petition a writ of *coram nobis*. While Drake acknowledges that the PCRA encompasses all common law remedies such as *habeas corpus* and *coram nobis*,[9] he asserts the PCRA did not completely abrogate the common law writ of *coram nobis*. Therefore, he argues, the trial court should have evaluated "whether or not **Alleyne** … is retroactively applicable." Drake's Reply Brief at 3.

---

[9] 42 Pa.C.S. § 9542.

The writ of *coram nobis* "provides a way to collaterally attack a criminal conviction for a person ... who is no longer 'in custody' and therefore cannot seek *habeas* relief...." **Commonwealth v. Descardes**, ___ A.3d ___, 2014 PA Super 210, *3 (Sept. 23, 2014) (*en banc*), *quoting* **Chaidez v. United States**, 133 S.Ct. 1103, 1106 n.1 (U.S. 2013). In **Descardes**, the petitioner, a Haitian national with resident alien status, pled guilty to insurance fraud and served a probationary sentence. After his sentence was complete, the petitioner left the United States, and was later denied re-entry based upon his felony conviction. **Id.** at *1. He filed a petition for writ of *coram nobis*, arguing that, pursuant to **Padilla v. Kentucky**, 559 U.S. 356 (U.S. 2010),[10] his plea counsel was ineffective for failing to advise him of "the mandatory collateral consequence of deportation." **Id.** The trial court treated the filing as a PCRA petition, and granted him relief. On appeal, the *en banc* court reversed, concluding the petitioner could seek relief through a writ of *coram nobis* when he was denied re-entry into the United States due to his felony conviction.

First, the Court determined that *coram nobis* review should be available to the petitioner because he was "no longer in custody," and,

_____

[10] In **Padilla**, the United States Supreme Court held that plea counsel has an affirmative duty to inform his or her client whether the "plea carries a risk of deportation." **Padilla**, **supra**, 559 U.S. at 374.

therefore, not eligible for PCRA relief, "but he [still] continue[d] to suffer the serious consequences of his deportation because of his state conviction." *Id.* at *3. However, the *C*ourt held that the petitioner was ultimately not entitled to relief since the decision in **Padilla** was determined to have no retroactive effect. *Id.* at *4, *citing* **Chaidez**, **supra**.

In the present case, we need not decide whether the writ of *coram nobi*s is available as an avenue of relief for Drake since the United States Supreme Court has **not** held that **Alleyne** has retroactive effect. **See United States v. Reyes**, 755 F.3d 210, 213 (3d Cir. 2014) ("[T]he decision to make **Alleyne** retroactive rests exclusively with the Supreme Court, which has not chosen to do so."). **See also Commonwealth v. Miller**, ____ A.3d ____, 2014 PA Super 214, *5 (Pa. Super. 2014) ("Even assuming that **Alleyne** did announce a new constitutional rights, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final.").

Therefore, because we conclude that Drake is not entitled to relief under the PCRA, or upon petition for writ of *coram nobis*, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2014