J-S11037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LUIS A. CARINO, | : | |
| | : | |
| Appellant | : | No. 1232 MDA 2014 |

Appeal from the PCRA Order entered on June 25, 2014
in the Court of Common Pleas of Berks County,
Criminal Division, No. CP-06-CR-0005467-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LUIS A. CARINO, | : | |
| | : | |
| Appellant | : | No. 1233 MDA 2014 |

Appeal from the PCRA Order entered on June 25, 2014
in the Court of Common Pleas of Berks County,
Criminal Division, No. CP-06-CR-0005468-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LUIS A. CARINO, | : | |
| | : | |
| Appellant | : | No. 1234 MDA 2014 |

Appeal from the PCRA Order entered on June 25, 2014
in the Court of Common Pleas of Berks County,
Criminal Division, No. CP-06-CR-0005469-2009

BEFORE:  PANELLA, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                     **FILED MARCH 31, 2015**

Luis A. Carino ("Carino"), *pro se*, appeals from the Order dismissing his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On three separate occasions in November and December of 2009, Carino sold cocaine and marijuana to an undercover police officer.  On one of these occasions, Carino was in possession of a handgun, despite his prohibition from owning or possessing a firearm.  Following Carino's arrest, the Commonwealth charged him with various crimes, including possession with intent to deliver a controlled substance ("PWID"),[2] persons not to possess firearms,[3] and other drug-related offenses.  Pursuant to a negotiated plea agreement, in March 2011, Carino pled guilty to one count of persons not to possess firearms and three counts of PWID, and the remaining counts were dismissed.

Relevant to this appeal, on July 20, 2011, the trial court imposed on one of Carino's PWID convictions a mandatory minimum sentence of five to

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S.A. § 6105(a)(1).

ten years in prison, pursuant to 42 Pa.C.S.A. § 9712.1,[4] based upon Carino's admission that he possessed a gun during the commission of PWID. **See** N.T., 7/20/11, at 5; **see also** N.T., 3/17/11, at 8 (wherein the trial court gave Carino notice that the provisions of 9712.1 were applicable). For all of his convictions, Carino received an aggregate sentence of seven to fourteen years in prison. Carino did not appeal his judgment of sentence.

In January 2012, Carino filed a *pro se* PCRA Petition. The PCRA court appointed Carino counsel, who filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and requested permission to withdraw as counsel. The PCRA court permitted PCRA counsel to withdraw, and subsequently gave Carino Notice of its intention to dismiss his Petition without a hearing, pursuant to Pa.R.Crim.P. 907. The PCRA court eventually dismissed the Petition, and Carino did not appeal the dismissal.

On May 23, 2014, Carino filed his second PCRA Petition. The PCRA court subsequently issued a Rule 907 Notice, concluding that Carino's Petition was untimely filed, and he had not proven any of the three

---

[4] Section 9712.1 provides, in pertinent part, as follows: "Any person who is convicted of [PWID] …, when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, … shall [] be sentenced to a minimum sentence of at least five years of total confinement." 42 Pa.C.S.A. § 9712.1(a).

exceptions to the PCRA's jurisdictional time-bar.[5]   On June 25, 2014, the PCRA court entered an Order dismissing Carino's second PCRA Petition. Carino timely filed a *pro se* Notice of Appeal, after which the PCRA court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Carino timely filed a Concise Statement.

On appeal, Carino presents the following issue for our review:  "Is [] Carino entitled to relief under the jurisdictional [timeliness] limitation[] exception under 42 Pa.C.S.A. § 9545(b)(1)(iii)[6] pursuant to the United States Supreme Court holding in *Alleyne v. United States*, 133 S. Ct. 2151 (2013)?"  Brief for Appellant at 2 (footnote added).[7]

We begin by noting our well-settled standard of review:  "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error."

---

[5] *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

[6] The PCRA's "newly recognized constitutional right" timeliness exception, set forth at subsection 9545(b)(1)(iii), provides as follows:

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that[] … the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and *has been held by that court to apply retroactively*.

42 Pa.C.S.A. § 9545(b)(1)(iii) (emphasis added).

[7] Although Carino's *pro se* brief does not include a separate Statement of Questions Presented section, as required by Pa.R.A.P. 2116, at the heading of his Argument section, he lists the issue he presents for our review.

***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). Additionally, "issues pertaining to ***Alleyne*** go directly to the legality of the sentence. ... Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Fennell***, 105 A.3d 13, 15 (Pa. Super. 2014) (citations, quotation marks, ellipses and brackets omitted).

At the outset, we observe that Carino does not contest that his second PCRA Petition is facially untimely. However, according to Carino, he met the newly recognized constitutional right timeliness exception based upon the ***Alleyne*** decision, which rendered unconstitutional the mandatory minimum sentencing statute under which he was sentenced, 42 Pa.C.S.A. § 9712.1. ***See*** Brief for Appellant at 2-5, 8; ***see also Alleyne***, 133 S. Ct. at 2163 (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt); 42 Pa.C.S.A. § 9712.1(c) (providing that "[p]rovisions of this section shall not be an element of the crime[,]" and that in order for the five-year mandatory minimum sentence under subsection 9712.1(a) to apply, the court must determine at sentencing, *by a preponderance of the evidence*, that the requirements were met).

Carino is correct that ***Alleyne*** rendered section 9712.1 constitutionally infirm because the statute allows the sentencing court to determine, by only a preponderance of the evidence, whether the mandatory minimum applies.

*See Commonwealth v. Newman*, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc*); *see also Commonwealth v. Watley*, 81 A.3d 108, 112 n.2 (Pa. Super. 2013) (*en banc*); *Commonwealth v. Munday*, 78 A.3d 661, 666 (Pa. Super. 2013).  Nevertheless, we conclude that *Alleyne* is unavailing to Carino's claim that he met the newly discovered constitutional right exception to the PCRA's timeliness requirement.

Initially, Carino did not raise the exception at section 9545(b)(1)(iii) in a timely manner.  *Alleyne* was decided on June 17, 2013.  Carino did not file the instant PCRA Petition until May 23, 2014, well over sixty days after the date the claim could have been presented.  *See* 42 Pa.C.S.A. § 9545(b)(2) (requiring that any PCRA petition invoking one of the time bar exceptions must be filed within sixty days from the date the claim could have been presented); *Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to [a newly] recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").

Additionally, this Court has held that even if *Alleyne* is interpreted as enunciating a newly recognized constitutional right, such right is not applicable retroactively to cases on PCRA review.  *See Miller*, 102 A.3d at 995. Specifically, the Court in *Miller* held as follows:

> **Even assuming that** *Alleyne* **did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that** *Alleyne* **is to be applied retroactively** to cases in which the judgment of sentence had become final.  …  This Court has recognized that a

new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

*Id.* (emphasis in original, citations omitted); *see also U.S. v. Reyes*, 755 F.3d 210, 213 (3d Cir. 2014) (stating that "the decision to make *Alleyne* retroactive rests exclusively with the Supreme Court, which has not chosen to do so."). We acknowledge that Carino's claim concerning *Alleyne* goes to the legality of his sentence; nevertheless, this Court has held that "although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013). Accordingly, because *Alleyne* is unavailing to Carino,[8] and he failed to meet the newly recognized constitutional right exception, the PCRA court properly dismissed Carino's second PCRA Petition as untimely.

Accordingly, we affirm the PCRA court's Order dismissing Carino's second PCRA Petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2015

---

[8] Carino's remaining claims based upon *Alleyne*, *see* Brief for Appellant at 5-7 (challenging lack of notice and constructive denial of counsel at sentencing), likewise do not entitle him to relief.