PRECEDENTIAL


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-3537
_____

UNITED STATES OF AMERICA

v.

THOMAS REYES,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania

(D.C. No. 2-06-cr-00654-001)
District Judge:  Honorable John R. Padova

Submitted Under Third Circuit LAR 34.1(a)
May 19, 2014

BEFORE:  McKEE, *Chief Judge*, CHAGARES, and
NYGAARD, *Circuit Judges*


(Filed: June 18, 2014)

Keith M. Donoghue, Esq.
Sarah S. Gannett, Esq.
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, The Curtis Center, Suite 540 West
Philadelphia, PA 19106
        *Counsel for Appellant*

Joseph J. Khan, Esq.
Bernadette A. McKeon, Esq.
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
        *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

NYGAARD, J.

The District Court denied Appellant Thomas Reyes' petition for a writ of habeas corpus, which he had filed pursuant to 28 U.S.C. § 2255. But, the court granted Reyes a certificate of appealability on the following question: whether the decision of the United States Supreme Court in *Alleyne v. United States*, 133 S.Ct. 2151 (2013) applies retroactively to cases on collateral review? While briefing was pending in this appeal, we issued an opinion and order in *United States v. Winkelman, et al.,* 746 F.3d 134 (3d Cir. 2014), which

2

answered that question in the negative. In light of our holding in *Winkelman*, we will affirm the District Court's order denying Reyes' petition for a writ of habeas corpus.

I.

The Gomez Grocery store in Philadelphia, Pennsylvania was robbed and some of its employees assaulted in July of 2006. Appellant Reyes was convicted by a jury of Hobbs Act robbery of that store, a violation of 18 U.S.C. § 1951(a)[1]; using a firearm in relation to a crime of violence, a violation of 18 U.S.C. § 924(c); and of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). Reyes was subsequently sentenced to 180 months' imprisonment, five years of supervised release, a $1,000 fine, and a special assessment of $300. He appealed, challenging only his conviction for Hobbs Act robbery. We rejected his challenge and affirmed his conviction. *See United States v. Reyes*, 2010 WL 299222 (3d Cir. Jan. 27, 2010).

After unsuccessfully petitioning the Supreme Court for a Writ of Certiorari, Reyes filed a pro se habeas petition in October of 2011. The District Court appointed counsel for Reyes and conducted a thorough evidentiary hearing. Before the District Court ruled, however, Reyes sought permission to amend his petition, to add claims under the Supreme Court's *Alleyne* decision. The District Court denied Reyes' petition,

---

[1] In relevant part, the Hobbs Act criminalizes activity that "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do. . . ." 18 U.S.C. § 1951(a).

and also denied Reyes' request to amend his petition to include the *Alleyne* claims. The District Court concluded that *Alleyne* did not retroactively apply to cases that were on collateral review, but did issue Reyes a certificate of appealability on the question.

## II.

Expounding on our decision in *Winkelman*, we reiterate here that the rule of criminal procedure announced by the Supreme Court in *Alleyne* does not apply retroactively to cases on collateral review.[2] In *Alleyne*, the Supreme Court overruled its prior precedent, *Harris v. United States*, 536 U.S. 545 (2002), and clarified that, under the Sixth Amendment, "'any facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime" and must be found beyond a reasonable doubt. *Alleyne,* 133 S.Ct. at 2160 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

At the outset, we note that we did not make a definitive pronouncement in *Winkelman* as to whether *Alleyne* announced a new rule, so today we clarify that *Alleyne* did indeed announce a new rule. *See also, In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (internal quotation marks omitted); *Simpson v. United States*, 721 F.3d 875, 876 (7th

---

[2] The District Court had jurisdiction under 28 U.S.C. §§ 2241(a) and 2254(a). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions. *See Coombs v. Diguglielmo*, 616 F.3d 255, 260 (3d Cir. 2010).

Cir. 2013). However, while *Alleyne* set out a new rule of law, it is not retroactively applicable to cases on collateral review, like Reyes'.

When the Supreme Court announces a new rule of law, it generally applies to cases still on direct review. *See Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004). A new rule will only apply "in limited circumstances" to cases in which the conviction is already finalized, however. *Id.*; *see also Teague v. Lane*, 489 U.S. 288, 303–11 (1989). Those limited circumstances arise with new rules "that place particular conduct or persons covered by the statute beyond the State's power to punish," or where the rule announces new "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro* at 352 (citations and internal quotation marks omitted); *Teague*, 489 U.S. at 307; *United States v. Swinton*, 333 F.3d 481, 490 (3d Cir. 2003). The new rule announced in *Alleyne* falls under neither circumstance. First, *Alleyne* announced a procedural, rather than substantive rule. *See Alleyne*, 133 S.Ct. at 2164 (Sotomayor, J., concurring) (explaining that in *Alleyne* "procedural rules are at issue"); *id.* at 2173 n. * (Alito, J., dissenting) (agreeing that *Alleyne* involves a procedural rule).

Second, *Alleyne* announced no "watershed rule" of criminal procedure. The Supreme Court has noted that "[t]his class of rules is extremely narrow, and it is unlikely that any has yet to emerge." *Schriro*, 542 U.S. at 352 (internal quotation marks and alterations omitted). Further, every court to consider the issue has concluded that *Alleyne* provides only a limited modification to the Sixth Amendment rule announced in *Apprendi v. New Jersey*, 530 U.S. 466

(2000). *See United States v. Redd*, 735 F.3d 88, 91–92 (2d Cir. 2013); *In re Payne*, 733 F.3d at 1029–30; *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *Simpson v. United States*, 721 F.3d at 876. We agree with the Court of Appeals for the Seventh Circuit, which recently explained that *Apprendi* itself and the subsequent rulings applying and extending that decision have not been applied retroactively: "*Alleyne* is an extension of *Apprendi*. The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. This implies that the Court will not declare *Alleyne* to be retroactive." *Simpson*, 721 F.3d at 876 (citations omitted).

And, of course, the decision to make *Alleyne* retroactive rests exclusively with the Supreme Court, which has not chosen to do so. *See Winkelman*, 746 F.3d at 136; *see also Simpson*, 721 F.3d at 876 ("Unless the Justices themselves decide that *Alleyne* applies retroactively on collateral review," lower courts may not do so.); *United States v. Redd,* 735 F.3d 88, 91 (2d Cir. 2013). Therefore, *Alleyne* does not provide Reyes with any basis for relief because the Supreme Court has not chosen to apply *Alleyne's* new rule retroactively to cases on collateral review.

Reyes raises several well-trod and meritless arguments in an attempt to persuade us that we should apply *Alleyne's* new rule to his habeas case. For example, he argues that *Teague* does not apply to habeas actions in federal criminal cases because concerns of federalism and comity are not implicated. Instead, he posits that the correct test for retroactivity remains the Supreme Court's decision in *Linkletter v. Walker*, 381 U.S. 618 (1965). We disagree. We have long held that *Teague* applies to petitions filed pursuant

6

to 28 U.S.C. § 2255. *See United States v. Lloyd*, 407 F.3d 608, 611 (3d Cir. 2005); *United States v. Jenkins*, 333 F.3d 151, 154 (3d Cir. 2003). And, the *Linkletter* decision was itself rejected by the Supreme Court in *Teague*. *See Teague*, 489 U.S. at 302-04; *Banks v. Horn*, 316 F.3d 228, 248 (3d Cir. 2003) (recognizing the "reformulation" of *Linkletter*).

## III.

For the foregoing reasons, we will affirm the District Court decision denying Reyes' petition for a writ of habeas corpus.