DLD-319                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1551
_____

JAMES O'NEAL-SLOANE,
                                             Appellant

v.

WARDEN ALLENWOOD FCI, Medium
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 13-cv-00916)
District Judge: Matthew W. Brann
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 31, 2014

Before:  SMITH, HARDIMAN and KRAUSE, Circuit Judges

(Opinion filed:  August 13, 2014)
_____

OPINION
_____

PER CURIAM

        Appellant James O'Neal-Sloane appeals from an order of the District Court

dismissing his federal habeas corpus petition, 28 U.S.C. § 2241.  For the reasons that

follow, we will summarily affirm.

O'Neal-Sloane, a federal prisoner, was convicted following a jury trial in the United States District Court for the Middle District of Pennsylvania of distribution and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). At his sentencing hearing, he objected to his career offender status, arguing that one of his two predicate convictions should not count. The District Court overruled the objection and sentenced him, on March 5, 2004, to a term of imprisonment of 360 months. O'Neal-Sloane did not directly appeal the judgment of conviction and sentence. In April, 2004, he filed a motion to vacate sentence, 28 U.S.C. § 2255. The District Court denied it and we declined to issue a certificate of appealability.

In May, 2008, O'Neal-Sloane moved to reduce his sentence pursuant to 18 U.S.C. 3582(c)(2), and, through counsel, he requested that the District Court reconsider his career offender status and then recalculate his total offense level without the career offender enhancement. He argued that Amendment 706 to the Guidelines provided for a retroactive two-level reduction for offenses involving crack cocaine, U.S.S.G. § 2D1.1(c), and, without the career offender enhancement, his Guidelines range would be only 262-327 months. The District Court denied this motion, and we affirmed, see United States v. O'Neal-Sloane, 371 F. App'x 298 (3d Cir. 2010). We held that O'Neal-Sloane could not use a section 3582(c)(2) motion to attack his career offender status, and that the amendment lowering the base offense level for his drug conviction, § 2D1.1(c), had no effect on the application of the career offender guidelines, § 4B1.1(a). See id. at

2

300 (citing United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009)).[1] In 2010, O'Neal-

Sloane filed a pro se motion to dismiss the criminal charges against him for lack of

jurisdiction. The District Court denied it and we declined to issue a certificate of

appealability.

On April 11, 2013, O'Neal-Sloane filed a pro se petition for writ of habeas corpus,

28 U.S.C. § 2241, claiming that the District Court violated his due process and equal

protection rights by misapplying 21 C.F.R. § 1308.12 Schedule II in sentencing him. He

attached to this motion an internet article discussing the Fair Sentencing Act of 2010, but

he did not specifically raise a claim under the Act.[2] In a supporting memorandum of law,

he argued that the "district court violated [his] equal protection and due process rights in

sentencing [him] for a schedule II drug when in fact the evidence clearly shows that a

scheduled I narcotic substance was implemented in the indictment in which the district

[court] based its judicial findings upon when sentencing [him]." Memorandum of Law,

at 5-6. In summarizing this argument, however, he stated simply that he should have

been sentenced under the powder cocaine guidelines. See id. at 6. The Government

submitted a response and argued that O'Neal-Sloane could not bring this claim in a

federal habeas corpus petition and that his argument was lacking in merit in any event. In

---

[1] We also addressed, and rejected, O'Neal-Sloane's argument that he could resort to section 2241 to raise a claim that he had been erroneously designated a career offender, explaining that, "[a]rguably, an incorrect classification as a career offender would be a miscarriage of justice but O'Neal-Sloane does not present such a case." Id. at 301.

[2] The Fair Sentencing Act lowered the mandatory minimum sentences for crack cocaine offenses and authorized the Sentencing Commission to amend the Guidelines to reduce the sentencing disparity between powder cocaine and crack cocaine.

3

his Traverse, O'Neal-Sloane argued that he could resort to section 2241 because he was actually innocent of the "schedules which were attributed to him." Traverse, at 1.

The Magistrate Judge filed a Report and Recommendation, recommending that O'Neal-Sloane's federal habeas corpus petition be denied on the ground that his sentencing claim could not be raised in a section 2241 petition under our decision in In re: Dorsainvil, 119 F.3d 245 (3d Cir. 1997). The Magistrate Judge reasoned that a federal prisoner generally must use 28 U.S.C. § 2255 to collaterally attack his conviction or sentence on constitutional grounds. He may seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention, see Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although § 2255 has a "safety valve," it is extremely narrow and does not apply unless the conduct underlying the conviction has been decriminalized by an intervening change in the law. See id. O'Neal-Sloane's constitutional claim concerning the sentence disparity between crack and powder cocaine could have been raised on direct appeal or in his § 2255 motion.

In Objections to this report, O'Neal-Sloane argued that Alleyne v. United States, 133 S. Ct. 2151 (U.S. 2013), was an intervening change in the law that warranted granting him federal habeas corpus relief from his sentence. In an order entered on January 29, 2014, the District Court adopted the Report and Recommendation and denied O'Neal-Sloane's section 2241 petition. The District Court observed that O'Neal-Sloane might be demanding a reduced sentence under the Fair Sentencing Act of 2010, in addition to his demand for a reduction under Alleyne, but, either way, he could not resort to section 2241, for the reasons given by the Magistrate Judge. Moreover, a motion to

4

reduce sentence pursuant to 18 U.S.C. 3582(c)(2) would be the proper way to seek a sentence reduction on the basis of the crack cocaine amendments.

O'Neal-Sloane appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009) (certificate of appealability not required to appeal from denial of section 2241 petition). Our Clerk granted O'Neal-Sloane leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. O'Neal-Sloane has submitted an application for a certificate of appealability, which we will treat as his summary action response.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. In his summary action response, O'Neal-Sloane makes the same arguments he made in the District Court. The District Court properly denied O'Neal-Sloane's § 2241 petition for writ of habeas corpus. A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the proper vehicle for O'Neal-Sloane to make his constitutional sentencing disparity argument. The safety valve applies only where the petitioner has had no prior opportunity to raise his challenge, see Okereke, 307 F.3d at 120, which is not the case here. Alleyne, which set forth a new rule of constitutional law that any fact that increased a statutory mandatory minimum sentence is an element that must be submitted to a jury and proved beyond reasonable doubt, would not appear to apply to O'Neal-Sloane because he was sentenced under the career offender Guidelines. In any event, Alleyne does not apply retroactively to cases on collateral review, see United States v. Reyes, ---

5

F.3d --- , 2014 WL 2747216, at *2 (3d Cir. June 18, 2014), and thus would not provide a basis for us to authorize a second § 2255 motion in his case.

Last, we will not issue what would amount to an advisory opinion regarding whether O'Neal-Sloane may pursue a claim under the Fair Sentencing Act of 2010 in a motion pursuant to 18 U.S.C. § 3582(c)(2), except to note our holding in United States v. Fleming, 723 F.3d 407, 413 (3d Cir. 2013), that a defendant who was convicted of possession with intent to distribute crack cocaine and who was designated as a career offender was not eligible for a sentence reduction since Amendment 759 did not have the effect of lowering his applicable Guidelines range.

For the foregoing reasons, we will summarily affirm the District Court's order denying O'Neal-Sloane's section 2241 petition.