ALD-071                                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2989
_____

EGLAN YOUNGE,

Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1-14-cv-00986)
District Judge: Honorable Robert B. Kugler
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 30, 2014

Before: RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 5, 2015)
_____

OPINION*
_____

PER CURIAM

_____
*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent

Appellant Eglan Younge appeals from an order of the District Court dismissing his habeas corpus petition, 28 U.S.C. § 2241, for lack of jurisdiction. For the reasons that follow, we will summarily affirm.

Younge, a federal prisoner, was sentenced in 2006 in the United States District Court for the Eastern District of New York to a term of imprisonment of 210 months on convictions for conspiracy to import cocaine and possession with intent to distribute cocaine. The United States Court of Appeals for the Second Circuit affirmed the criminal judgment. See United States v. Adams, 316 F. App'x 60, 64 (2d Cir. 2009) ("Despite differences in the details recalled by the different witnesses, multiple witnesses testified that they saw Younge on the airport tarmac tossing a drug-filled bag into a van, thereby allowing the bag to bypass customs. Evidence was also introduced that showed … Younge's knowledge that his operation had joined with Adams's operation to effect the combined September 2003 shipment."). In August, 2010, Younge filed a motion to vacate sentence, 28 U.S.C. § 2255, in the sentencing court, raising claims of ineffective assistance of trial and appellate counsel. The sentencing court denied the § 2255 motion, see Younge v. United States, 2011 WL 837752 (E.D.N.Y. March 4, 2011), and the Second Circuit denied Younge's request for a certificate of appealability, see C.A. No. 11-1148.

At issue in the instant appeal, Younge filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in federal court in the District of New Jersey where he is confined. Young claimed that the sentencing court erred in denying his § 2255 motion, and erred at sentencing in applying a four-level enhancement for his role as a leader or organizer and

2

in finding him responsible for 124 kilograms of cocaine seized in the September, 2003 shipment. Younge cited the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (U.S. 2013). In an order entered on May 16, 2014, the District Court dismissed the § 2241 petition for lack of jurisdiction, concluding that § 2255's safety valve, see In re: Dorsainvil, 119 F.3d 245 (3d Cir. 1997), did not apply to Younge's claims.

Younge appeals. We have jurisdiction under 28 U.S.C. § 1291. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009) (certificate of appealability not required to appeal from denial of § 2241 petition). Our Clerk advised Younge that the appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing and he has done so. We have considered his submission.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. The District Court properly dismissed Younge's § 2241 petition because a motion filed under § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of his conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). In certain limited circumstances, a petitioner can seek relief under § 2241 if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention, see Dorsainvil, 119 F.3d at 249-51, but § 2255 is not inadequate or ineffective simply because the sentencing court does not grant relief on a prisoner's § 2255 motion or the prisoner is unable to meet the gatekeeping requirements, 8 U.S.C. § 2255(h), for a second § 2255 motion. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir.2002) (per curiam). This "safety valve" applies only

3

where a prisoner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251). A § 2241 petition may not be used to relitigate ineffective assistance of counsel issues that were rejected as meritless by the sentencing court in a § 2255 motion, and may not be used to challenge sentencing enhancements, such as those relating to the amount of drugs or one's role in a drug conspiracy, which could have been pursued on direct appeal.

In Alleyne, which set forth a new rule of constitutional law, the Supreme Court held that a fact that triggers a mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt. 133 S. Ct. at 2155. Alleyne is essentially an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. We held in Okereke that "§ 2255 [i]s not inadequate or ineffective for [a prisoner] to raise his Apprendi argument," 307 F.3d at 121, and we see no reason to treat claims brought under Alleyne any differently. We add that we recently held that Alleyne is not retroactive to cases on collateral review. United States v. Reyes, 755 F.3d 210, 212-13 (3d Cir. 2014). Alleyne therefore, does not provide a basis for an appellate court to authorize a second § 2255 motion, see 28 U.S.C. § 2255(h)(2).

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Younge's § 2241 petition for lack of jurisdiction.

4