ALD-190                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4149
_____

JOHNNY LYNN BAKER,
                                                  Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1-14-cv-05438)
District Judge: Renee M. Bumb

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 7, 2015

Before:  RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Filed: June 2, 2015)
_____

OPINION[*]
_____


PER CURIAM


_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Johnny Lynn Baker appeals from an order of the District Court dismissing his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction. For the reasons that follow, we will summarily affirm.

Following a jury trial, Baker was convicted in the United States District Court for the Eastern District of Virginia of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).[1]  Baker was sentenced to a term of imprisonment of 108 months.  The Court of Appeals for the Fourth Circuit affirmed the criminal judgment, see United States v. Baker, 2009 WL 3698577 (4th Cir. November 6, 2009).  Baker then filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the sentencing court, alleging ineffective assistance of counsel.  His motion was denied on the merits, see United States v. Baker, 2011 WL 3841690 (E.D. Va. August 30, 2011), but the sentencing court granted him a certificate of appealability.  The Court of Appeals for the Fourth Circuit then affirmed the denial of his § 2255 motion, see United States v. Baker, 477 F. App'x 144 (4th Cir. 2012).

At issue in this appeal, Baker, who is confined at the Federal Correctional Institution at Fort Dix, New Jersey, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey.  In it, he contended that (1) he is actually innocent of interstate possession of child pornography in that Congress exceeded its Commerce Clause authority in enacting 18 U.S.C. § 2252A;

---

[1] Baker exchanged emails over the internet with a United States Postal Inspector who was acting in an undercover capacity as a purveyor of child pornography.  After Baker agreed to receive a package at his Virginia address, his home was searched pursuant to a warrant.  He then was indicted and his trial followed the denial of his suppression motion.

2

and (2) under <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), he is actually innocent of the sentencing enhancements imposed in his case for obstruction of justice and engaging in a pattern of activity involving the sexual abuse or exploitation of a minor, enhancements that were neither submitted to the jury nor proved beyond reasonable doubt.  In an order entered on September 5, 2014, the District Court dismissed the § 2241 petition for lack of jurisdiction, holding that a federal prisoner generally must use 28 U.S.C. § 2255 to collaterally attack his conviction or sentence; that he may seek relief under § 2241 if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention; but that, although § 2255 has a "safety valve," it has not been applied in this circuit except where the prisoner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in the law, which is not the case here.

Baker appeals.  We have jurisdiction under 28 U.S.C. § 1291.  A certificate of appealability is not required here.  <u>See</u> <u>Burkey v. Marberry</u>, 556 F.3d 142, 146 (3d Cir. 2009) (certificate of appealability not required to appeal from denial of § 2241 petition). Our Clerk advised Baker that his appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6.  As explained by the District Court, a § 2255 motion is inadequate and ineffective for challenging a conviction where the conduct that forms the basis for the conviction has been deemed not criminal and the prisoner has had no prior opportunity to raise his

3

challenge, In re: Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997), but Baker's claims do not fall under the § 2255 "safety valve." Baker did not contend that, as a result of a Supreme Court decision issued after he filed his first § 2255 motion, the conduct for which he was convicted is now not criminal and that he had no prior opportunity to raise his challenge. His argument concerning the constitutionality of his conviction under the Commerce Clause was available to him on direct appeal in 2009, and he does not contend that there have been any changes in the law since that time, or since is § 2255 motion, relating to the specific conduct at issue here.[2] See generally United States v. Malloy, 568 F.3d 166, 179 (4th Cir. 2009) (surveying sister circuits and holding that constitutionality of federal child pornography statute extends even to intrastate possession or production so long as intrastate activities are part of class of activities that have substantial effect on interstate commerce). Accordingly, he may not resort to a § 2241 petition. The case cited by Baker, United States v. Morrison, 529 U.S. 598 (2000), was decided well before his direct appeal and § 2255 motion, and, in any event, concerns not the federal child pornography statute but whether Congress had authority under the Commerce Clause to enact a civil remedy under the Violence Against Women Act, 42 U.S.C. § 13981.

In addition, Alleyne is merely an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory

---

[2] The Postal Inspector arranged a controlled delivery by mailing child pornography to Baker's Virginia address, but Baker refused delivery. The Government was nevertheless still able to obtain a search warrant, which led to the discovery of images on Baker's computer, among other evidence.

4

maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In <u>Alleyne</u>, the Supreme Court held that the same rule also applies to "facts that increase mandatory minimum sentences." 133 S. Ct. at 2163. In <u>Okereke v. United States</u>, 307 F.3d 117, 121 (3d Cir. 2002), we held that prisoners may not resort to § 2241 petitions to raise <u>Apprendi</u> arguments, and that rule applies as well to <u>Alleyne</u> arguments.[3]

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Baker's § 2241 petition for lack of jurisdiction.

---

[3] <u>Alleyne</u> also is not retroactive to cases on collateral review, <u>United States v. Reyes</u>, 755 F.3d 210, 212-13 (3d Cir. 2014), and it, therefore, does not provide a basis for an appellate court to authorize a second § 2255 motion, <u>see</u> 28 U.S.C. § 2255(h)(2).