BLD-182 & BLD-183                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 15-3555 & 15-3570
_____

JOSEPH RODRIGUEZ;
CHARLES RODRIGUEZ

v.

WARDEN LEWISBURG USP;
UNITED STATES OF AMERICA

Joseph Rodriguez, Appellant in 15-3555
Charles Rodriguez, Appellant in 15-3570
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-14-cv-01121)
District Judge: Honorable Yvette Kane
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 17, 2016

Before: FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed: March 23, 2016)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Petitioners Joseph and Charles Rodriguez, brothers who are currently confined at USP-Lewisburg, appeal from an order dismissing their habeas petition under 28 U.S.C. § 2241, and from an order denying their motion under Federal Rule of Civil Procedure 59(e). For the reasons that follow, we will affirm the judgments of the District Court.

Petitioners robbed banks in July 1997 and May 1998; in September 1998, they attempted to rob an armored car but were apprehended. In 1999, a jury in the United States District Court for the Middle District of Pennsylvania found the Petitioners guilty of numerous offenses, including three counts of aiding and abetting the use of firearms during a violent crime. 18 U.S.C. §§ 2 and 924(c)(1). They were sentenced to life imprisonment. We affirmed their convictions and sentences on direct appeal. United States v. Rodriguez, 54 F. App'x 739, 753 (2002). The petitioners next filed motions under 28 U.S.C. § 2255. The United States District Court for the District of New Jersey denied those motions, and we denied the Petitioners' requests for certificates of appealability. C.A. Nos. 05-1027 & 05-4149.

In June 2014, the Petitioners filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. They asserted that they were entitled to relief based on Alleyne v. United States, 133 S. Ct. 2151 (2013), and Rosemond v. United States, 134 S. Ct. 1240 (2014). The District Court dismissed the § 2241 petition for lack of jurisdiction, holding that the Petitioners failed to demonstrate that the remedy provided under § 2255 was inadequate or ineffective to test the legality of their detention. The Petitioners filed a timely motion for reconsideration under Rule

2

59(e), which the District Court denied. The Petitioners filed separate notices of appeal, which were docketed here as C.A. No. 15-3555 and C.A. No. 15-3570.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal of the § 2241 petition is plenary, Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam), and we may affirm the District Court on any basis supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011). We review an order denying a motion for reconsideration for abuse of discretion. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

We conclude that the District Court properly dismissed the Petitioners' § 2241 petition. Generally, a motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). In certain limited circumstances, a federal prisoner can seek relief under § 2241 in the district of confinement if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); see In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). But we have applied this "safety valve" only in the rare situation where a prisoner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251).

We agree with the District Court that the Petitioners' allegations under Alleyne do not fit within the narrow class of circumstances where a § 2255 motion would be inadequate or ineffective to challenge his conviction. In Alleyne, the Supreme Court held that a fact that triggers a mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt. 133 S. Ct. at 2155. Here, the Petitioners complained that the jury did not find beyond a reasonable doubt that they used machine guns and firearms with silencers. See 18 U.S.C. § 924(c)(1)(C) (1998) (requiring a life sentence for a "second or subsequent conviction under this subsection" where the "firearm involved is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler"). As the District Court recognized, Alleyne is essentially an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000). See, e.g., United States v. Burnett, 773 F.3d 122, 136 (3d Cir. 2014). In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. We have held that "§ 2255 [i]s not inadequate or ineffective for [a prisoner] to raise his Apprendi argument[,]" Okereke, 307 F.3d at 121, and we see no reason to treat claims brought under Alleyne differently. Additionally, Alleyne has not been made retroactive to cases on collateral review. See United States v. Reyes, 755 F.3d 210, 212-13 (3d Cir. 2014).

The Petitioners also claimed that the jury instructions failed to satisfy the requirements of Rosemond. In that case, the Supreme Court considered what the

4

Government must prove to establish that a defendant aided and abetted an offense under § 924(c), which prohibits using or carrying a firearm during and in relation to any crime of violence or drug trafficking crime. 134 S. Ct. at 1243. The Court held that for a defendant to be found guilty of aiding and abetting under § 924(c), the Government must prove that the defendant "actively participated in the underlying . . . crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." Id. at 1243. "Advance knowledge," the Court stated, means "knowledge at a time the accomplice can do something with it—most notably, opt to walk away." Id. at 1249-50.

Here, even assuming that the jury instructions violated Rosemond and that Rosemond satisfies the safety valve criteria for proceeding under § 2241, habeas relief is not warranted because the evidence indicates that the Petitioners had advance knowledge that guns would be used during the commission of the crimes. See Neder v. United States, 527 U.S. 1, 15 (1999) (concluding that harmless error review applies to misdescriptions or omissions in a jury instruction). The July 1997 robbery began when the Petitioners, along with at least one other person, entered the bank with rifles and handguns. See Rodriguez, 54 F. App'x at 742. At the May 1998 robbery, the Petitioners arrived before the bank opened and shot at the door to gain entry. Id. Prior to the September 1998 attempted robbery, Joseph Rodriguez made plans to obtain ammunition, told a cooperating witness that he and Charles would be armed, and spent two hours loading guns and magazines. Id. at 743-44. When they arrived at the rest stop where the robbery was to take place, the Petitioners were heavily armed. Id. at 747 ("even if [the

5

Petitioners] did not know that one of the guns involved was a machine gun, [they] cannot deny knowledge that the other was equipped with a silencer, as it was plainly affixed to the gun when they brought it to the rest stop."). Accordingly, we conclude that any error in the jury instructions was harmless. See Rosemond, 134 S. Ct. at 1252-53 (remanding for lower courts to consider whether "any error in the court's aiding and abetting instruction was harmless"); cf. United States v. Prado, -- F.3d --, 2016 WL 723350, at *10 (2d Cir. Feb. 24, 2016) (affirming conviction on direct appeal where, despite erroneous instruction under Rosemond, "evidence demonstrate[d] that, after the gun appeared, Martinez continued to play an active role in the crime.").

Finally, we conclude that the District Court did not abuse its discretion in denying the Petitioners' Rule 59(e) motion. In that motion, the Petitioners relied on Burrage v. United States, 134 S. Ct. 881 (2014), in support of their argument that the Government failed to prove beyond a reasonable doubt that they used machine guns and firearms with silencers. In Burrage, the Supreme Court cited Alleyne and Apprendi in holding that a penalty enhancement for drug distribution where "death results" is an element that must be submitted to the jury and found beyond a reasonable doubt. See Burrage, 134 S. Ct. at 887. As noted above, however, we have held that Apprendi-based arguments may not be brought in a § 2241 petition. Okereke, 307 F.3d at 120. Therefore, we agree that Burrage did not provide a basis for granting the motion for reconsideration.

6

For the foregoing reasons, we conclude that the appeals present no substantial question. Therefore, we will summarily affirm the District Court's judgments.[1] See Third Circuit LAR 27.4 and I.O.P. 10.6.

---

[1] The motion of Jose E. Soto, the Petitioners' co-defendant, to join them in C.A. No. 15-3555 is denied. We note that Soto did not participate in the proceedings in the District Court.