J-S76015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY FELICIANO | |
| Appellant | No. 1087 EDA 2016 |

Appeal from the PCRA Order entered March 16, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at No: CP-48-CR-0001643-1998

BEFORE:  STABILE, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:          **FILED FEBRUARY 21, 2017**

Appellant, Anthony Feliciano, appeals *pro se* from the March 16, 2016 order entered in the Court of Common Pleas of Lehigh County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

In a prior appeal, we summarized the factual and procedural background as follows:

> On June 10, 2009, Appellant pled guilty to one count of possession with the intent to deliver.  At the time of the plea, counsel for Appellant and the Commonwealth agreed to a minimum sentence not less than the bottom of the standard range and to waive the mandatory minimum for the offense.  On

---

[*] Former Justice specially assigned to the Superior Court.

July 15, 2009, Appellant was sentenced to eight to twenty years['] imprisonment.

Appellant filed a motion for reconsideration of sentence on July 24, 2009, which was denied. He did not file a direct appeal. On June 25, 2010, Appellant filed a timely *pro se* petition for PCRA relief, counsel was appointed, and counsel filed an amended petition and a second amended petition on Appellant's behalf. In the latter, Appellant alleged that his guilty plea was unlawfully induced by the Commonwealth's representation that it would recommend that the sentence run concurrent to any sentence of back time he would receive for his state parole violation.

[Following a hearing, the PCRA court denied relief]. This Court affirmed the decision of the PCRA court on June 29, 2011. ***Commonwealth v. Feliciano***, [No. 3477 EDA 2010, unpublished memorandum (Pa. Super. filed June 29, 2010)].

On January 13, 2014, Appellant filed a *pro se* motion for clarification of intended sentences in which he reiterated the same claim the sentences were to run concurrently and asked the trial court to clarify that for the Board of Corrections. The court denied the motion on January 14, 2014, and Appellant appealed to this Court on January 29, 2014. [We affirmed the denial. ***See Commonwealth v. Feliciano***, No. 359 EDA 2014, unpublished memorandum (Pa. Super. filed July 7, 2015)].

[On June 11, 2014, despite the pending appeal, Appellant filed a petition for writ of *habeas corpus*, which the trial court treated as a PCRA petition. The PCRA court dismissed the petition as untimely on August 7, 2014. Appellant timely appealed. On appeal, we affirmed. ***See Commonwealth v. Feliciano***, No. 2590 EDA 2014, unpublished memorandum (Pa. Super. filed July 7, 2015). On August 5, this Court also denied Appellant's application for reconsideration or *en banc* reargument.]

On July 10, 2014, despite the pending appeal [*i.e.*, 359 EDA 2014] [and the pendency of his June 11, 2014 petition], Appellant filed [a] petition for writ of *habeas corpus*. The trial court treated the petition as a PCRA petition and issued [a] Rule 907 notice of intent to dismiss on July 22, 2014, due to untimeliness. Appellant filed a response on August 11, 2014, and by order of August 19, 2014, the court found that Appellant's response merely reiterated the same assertions previously raised

and rejected in his first PCRA petition, *i.e.*, that the June 10, 2009 guilty plea was illegally induced. Appellant also alleged that **Alleyne v. United States**, 133 S. Ct. 2151 (2013), announced a new constitutional right and that it should be retroactively applied. The PCRA court denied relief and dismissed the petition as untimely on August 19, 2014.

**Commonwealth v. Feliciano**, No. 2725 EDA 2014, unpublished memorandum at 1-3 (Pa. Super. filed July 7, 2015) (footnotes omitted).

Appellant appealed to this Court the dismissal of his July 10, 2014 petition. Upon review, we concluded:

Although we agree with the PCRA court's conclusion that the [] habeas petition is an untimely PCRA, we note that Appellant filed the [] petition in the trial court while this case was already on appeal to this Court. The appeal of the clarification order operated to divest the trial court of jurisdiction to rule. Absent jurisdiction, the order [denying relief] is a legal nullity.

**Id.** at 4-5 (citation omitted). Accordingly, we vacated the order dismissing the *habeas corpus*/PCRA petition. **Id.**

During the pendency of 2725 EDA 2014 (*i.e.*, appeal from the July 10, 2014 petition), this Court decided 359 EDA 2014 (appeal concerning the clarification of sentences), which made the PCRA court's denial of relief on his July 10, 2014 petition ripe for decision. Eventually, we affirmed the denial of PCRA relief on August 24, 2016. **See Commonwealth v. Feliciano**, No. 2737 EDA 2015 (Pa. Super. filed August 24, 2016).

In the meantime, on August 14, 2015, Appellant filed with the trial court a "Motion for Reinstatement/Renewal Petition for Writ of Habeas Corpus/PCRA Petition," seeking, in essence, reconsideration of our decision

rendered in 2590 EDA 2014 because, according to Appellant, we were not aware of **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015), at the time we issued our decision. The trial court denied said motion on August 20, 2015. On February 8, 2016, Appellant filed with this Court a "Petition for En Banc Consideration En Banc," apparently attempting to appeal from the trial court's August 20, 2015 order. We denied the petition on February 29, 2016. **See Commonwealth v. Feliciano**, 17 EDM 2016, Order (Pa. Super. filed February 29, 2016). On March 14, 2016, Appellant filed with this Court a "Motion for Reconsideration [of the February 29, 2016 Order] and Reinstatement of Appeal Rights," which we denied on May 27, 2016. **See Commonwealth v. Feliciano**, 17 EDM 2016, Order (Pa. Super. filed May 27, 2016). On March 14, 2016, Appellant filed with the trial court a "Motion for Reconsideration and Reinstatement of Appeal Rights." In this motion, Appellant sought reconsideration of our decision in 2590 EDA 2014. In his motion, Appellant argued we misunderstood **Alleyne v. United States**, 133 S. Ct. 2151 (2013) (holding that a jury must find beyond a reasonable doubt any fact increasing a mandatory minimum sentence) and its implications. The trial court denied said motion on March 16, 2016. This appeal followed.

Appellant is challenging the legality of his sentence under **Alleyne**.[1] Thus, despite how Appellant titled the instant filing, the claim raised here is cognizable under the PCRA, and the instant filing must be treated as a PCRA petition. **See Commonwealth v. Wolfe**, 140 A.3d 651, 660 (Pa. 2016) ("this Court has previously found that an asserted **Apprendi**-line violation implicated the legality of a sentence.")[2]; **Commonwealth v. Ruiz**, 131 A.3d 54, 60 (Pa. Super. 2015) (**Alleyne** claim challenges legality of sentence, which petitioner could raise in timely filed PCRA petition where his direct appeal had been pending when **Alleyne** was decided).

_____

[1] Before us, in addition to the **Alleyne** issue, Appellant raises several other issues, **see** Appellant's Brief at 4, which were not included in his Pa.R.A.P. 1925(b) statement. **See** Appellant's "Response to Rule of Appellate Procedure 1925 Statement," 4/28/16, at 1-2. The claims raised here are waived because they were not raised in his Rule 1925(b) statement. **See**, **e.g.**, **Commonwealth v. Hill**, 16 A.3d 484 (Pa. 2011) ("Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived") (citation omitted).

In his Rule 1925(b) statement, Appellant argues that **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), declared **Alleyne** applicable retroactively, and that essentially our courts have misunderstood the implications of **Montgomery**. There is nothing in **Montgomery** that could support even remotely Appellant's claim (indeed, **Alleyne** is not even mentioned in **Montgomery**), which leads us to believe that Appellant misread **Montgomery**, and the cases that apply **Montgomery**.

[2] **Apprendi v. New Jersey**, 530 U.S. 466 (2000) (holding that any facts, other than the fact of a prior conviction, that subject a defendant to any additional penalty beyond a statutory maximum must be submitted to a jury and be found proved beyond a reasonable doubt). **Alleyne** is an extension of **Apprendi**. **See United States v. Reyes**, 755 F.3d 210, 213 (3rd Cir. 2014).

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original; internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady* claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. *See Commonwealth v. Holmes*, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citation omitted)).

Appellant's latest challenge involves the PCRA court's denial of his "Motion for Reconsideration and Reinstatement of Appeal Rights." As noted above, in his motion—filed with the trial court—Appellant attempted to seek reconsideration of this Court's denial of his collateral appeal that was issued in connection with his June 11, 2014 PCRA petition.[3] **Feliciano**, No. 2590 EDA 2014.

On appeal, Appellant provides no explanation of how he can seek reconsideration of our decision by filing a "motion" with the trial court. Appellant leaves the identification and resolution of these matters to us. Instead, Appellant focuses on the core of the matter, rehashing the same claim (*i.e.*, **Alleyne** rendered his sentence illegal and such illegality is not waivable and not subject to the PCRA time requirements), which has been proven unsuccessful on multiple occasions. **See Feliciano**, No. 2590 EDA 2014; **Feliciano**, No. 2737 EDA 2015.

Even if we were to overlook the timeliness of the instant petition,[4] the propriety of the instant appeal,[5] and that the **Alleyne** issue has been

---

[3] It should be noted that Appellant filed on July 20, 2015 with this Court two applications for reconsideration/reargument of our July 7, 2015 decision (2590 EDA 2014). Both applications were denied. **See Commonwealth v. Feliciano**, No. 2590 EDA 2014, Order (Pa. Super. filed September 14, 2015).

[4] Appellant's judgment became final at the expiration of time to appeal to this Court, **Commonwealth v. Brown**, 943 A.2d 264, 268 (Pa. 2008), which was June 7, 1999. Appellant had one year from June 7, 1999 to file a
*(Footnote Continued Next Page)*

previously litigated and addressed, we would conclude, once again, that Appellant is not entitled to PCRA relief under **Alleyne**.  Our Supreme Court has held that **Alleyne** applies only to cases pending on direct appeal as of June 17, 2013, the date of the **Alleyne** decision.  **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016).  Appellant's judgment of sentence was final before the United States Supreme Court handed down **Alleyne** and therefore **Alleyne** does not apply to his case.[6]  Because **Alleyne** does not apply to Appellant's case, his sentence is not illegal.  **Id.** at 815 ("[I]f a new constitutional rule does not apply, it cannot render an otherwise final sentence illegal.").

To the extent Appellant challenges matters unrelated to **Alleyne**, and to the extent they are not waived for failure to raise them in his Rule 1925(b) statement, Appellant failed to plead and prove that we have jurisdiction to review the merits of those challenges.

Because the instant PCRA petition is patently untimely, and because Appellant failed to prove he met any of the exceptions to the timeliness

_(Footnote Continued)_ _____

timely PCRA petition.  **See** 42 Pa.C.S.A. § 9545(b)(1).  Because the instant petition was filed on March 14, 2016, clearly more than one year from the date his judgment became final, the petition is facially untimely.

[5] As mentioned, Appellant sought reconsideration of our decision by filing a motion for reconsideration with the trial court after we denied Appellant's two requests for reconsideration of the same decision.

[6] It should also be noted that Appellant was not sentenced to a mandatory minimum sentence.

requirements, we cannot review the merits of Appellant's challenges.

***Chester***, ***supra***.

Order affirmed.

Judge Dubow joins this memorandum.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2017