

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2006

# Gordon v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3383

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Gordon v. USA" (2006). *2006 Decisions.* Paper 39.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/39

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3383
_____

MICHAEL LEE GORDON,
                                        Appellant
vs.

UNITED STATES OF AMERICA
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. PA. Civ. No. 06-cv-01015)
District Judge: Honorable William J. Nealon
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
December 8, 2006
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

Filed December 21, 2006
_____

OPINION
_____

PER CURIAM.

        Michael Lee Gordon, a federal inmate incarcerated at USP-Allenwood in

Pennsylvania, appeals pro se from an order of the United States District Court for the

Middle District of Pennsylvania dismissing his habeas petition filed pursuant to 28 U.S.C.

§ 2241 for lack of jurisdiction.  We will affirm.

1

In March 1999, a jury sitting in the United States District Court for the Southern District of Ohio found Gordon guilty of seven counts of weapons violations and seven violations of the Hobbs Act, 18 U.S.C. § 1951. Gordon was sentenced to 137 years' imprisonment. The Court of Appeals for the Sixth Circuit affirmed. Gordon thereafter filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied by the United States District Court for the Southern District of Ohio on September 30, 2002. In 2003, Gordon filed a second § 2255 motion, which was transferred to the Sixth Circuit as a successive motion and was denied in June 2005.

On May 18, 2006, Gordon filed the underlying § 2241 petition in the Middle District of Pennsylvania asserting that § 2255 is an inadequate or ineffective means of contesting his conviction and sentence because the Government never responded to the issues raised in his original § 2255 motion. See § 2241 petition at 5. Gordon's substantive claims allege ineffective assistance of counsel. Id. at 14.

Gordon's petition was referred to a Magistrate Judge who issued a Report recommending that it be dismissed for lack of jurisdiction because the claim presented was clearly within the purview of § 2255. The District Court adopted the Magistrate Judge's Report and Recommendation and dismissed the § 2241 petition, ruling that Gordon's claim was essentially a sentencing claim and that he failed to show how a § 2255 motion was inadequate or ineffective to test the legality of his detention. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. For essentially the same reasons set forth by the District Court, we will summarily affirm the order dismissing Gordon's petition.

As the District Court explained, a § 2255 motion is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. § 2255 ¶ 5. A § 2255 motion is inadequate or ineffective only when "some limitation of scope or procedure" prevents a movant from receiving an adjudication of his claim. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or a petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Okereke, 307 F.3d at 120-21. See also Cradle, 290 F.3d at 539.

The "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for acts later deemed to be non-criminal because of an intervening change in the law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). Such is not the case here. Gordon makes no allegation that he is actually innocent of the crimes for which he was convicted. The

3

exception identified in <u>In re Dorsainvil</u> is simply inapplicable. Gordon's claims fall within the purview of § 2255 because they challenge the validity of his conviction. We agree with the District Court that Gordon has not demonstrated that § 2255 is an "inadequate or ineffective" remedy under the circumstances presented here. <u>See</u> <u>Cradle</u>, 290 F.3d at 538 ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative"). Gordon's recourse at this point is to seek permission from the Sixth Circuit Court of Appeals to file a second or successive § 2255 motion in the sentencing court.

Because the § 2241 petition was properly dismissed and no substantial question is presented by this appeal, we will grant appellee's motion for summary affirmance and affirm the District Court's order entered on July 5, 2006. <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.