DLD-203 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4006
_____

MICHAEL LEE GORDON,
                                             Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 3-15-cv-00769)
District Judge:  Honorable William J. Nealon

_____

Submitted By the Clerk for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 7, 2016
Before:  CHAGARES, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Filed: May 9, 2016)

_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Michael Lee Gordon appeals from the District Court's orders dismissing his habeas petition, which he filed under 28 U.S.C. § 2241, and denying his motions for reconsideration. We will affirm.

I.

Gordon is a federal prisoner serving a 137-year prison sentence imposed by the United States District Court for the Southern District of Ohio. That court imposed the sentence in 1999 following Gordon's conviction on seven counts of Hobbs Act robbery and seven related counts of using or carrying a firearm in violation of 18 U.S.C. § 924(c). The United States Court of Appeals for the Sixth Circuit affirmed. See United States v. Gordon, 238 F.3d 425 (6th Cir. 2000) (Table). Since then, Gordon has unsuccessfully filed multiple motions with his sentencing court for collateral relief under 28 U.S.C. § 2255 and multiple applications with the Sixth Circuit for leave to file a second or successive § 2255 motion.

Most recently, Gordon filed an application seeking leave to raise a claim that his conviction on six of the seven § 924(e) counts was rendered invalid by Alleyne v. United States, 133 S. Ct. 2151 (2013). The Sixth Circuit denied it because it concluded (as have we, see United States v. Reyes, 755 F.3d 210, 212-13 (3d Cir. 2014), cert. denied, 135 S. Ct. 695 (2014)), that Alleyne does not apply retroactively on collateral review. (6th Cir. No. 13-4284, Sept. 17, 2014.)

Gordon later filed the § 2241 habeas petition at issue here while incarcerated within this Circuit. He again raised his claim under Alleyne and argued that he could

2

resort to § 2241, rather than § 2255, under the theory that we recognized in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). In that case, we held that a federal prisoner could proceed under §2241 because his § 2255 remedy was "inadequate or ineffective." Id. at 251. We did so because the prisoner had no prior opportunity to raise a substantive Supreme Court decision that potentially decriminalized his conduct of conviction and because § 2255 does not provide a mechanism for raising non-constitutional decisions in a second § 2255 motion. See id.

Gordon argued that he qualifies for this exception because Alleyne renders him "innocent" of the sentences he is serving on six of his seven § 924(e) counts and because Alleyne's non-retroactivity means that he cannot satisfy the gatekeeping requirements for raising this claim in a successive § 2255 motion. The District Court rejected Gordon's arguments and dismissed his petition. Gordon filed two motions for reconsideration, which the District Court denied. Gordon now appeals.[1]

II.

We will affirm. Gordon previously filed a § 2241 petition, and we affirmed its dismissal. See Gordon v. United States, 209 F. App'x 173 (3d Cir. 2006). As we explained, federal prisoners generally may collaterally challenge their convictions and sentences only under § 2255. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir.

---

[1] Federal prisoners do not require a certificate of appealability to appeal the denial of a § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). We thus have jurisdiction under 28 U.S.C. § 1291.

3

2002).  The exception that we recognized in <u>Dorsainvil</u> does not apply to Gordon's claim because <u>Alleyne</u> does not decriminalize his conduct of conviction (or any other).  <u>Alleyne</u> holds that "'any facts that increase the prescribed range of penalties to which a criminal defendant is exposed are elements of the crime' and must be found [by the jury] beyond a reasonable doubt."  <u>Reyes</u>, 755 F.3d at 212 (quoting <u>Alleyne</u>, 133 S. Ct. at 2160).  Thus, <u>Alleyne</u> merely announced a new procedural rule of constitutional law.  <u>See</u> <u>id.</u>  Section 2255 provides a mechanism for raising claims based on new rules of constitutional law, provided that the United States Supreme Court has made them retroactively applicable on collateral review.  <u>See</u> 28 U.S.C. § 2255(h)(2).

Gordon nevertheless argues that § 2255 is inadequate or ineffective because <u>Alleyne</u>'s non-retroactivity means that he cannot raise it in a successive § 2255 motion. This argument gets Gordon nowhere because <u>Alleyne</u> would remain non-retroactive even if he could proceed under § 2241.  This argument also lacks merit because, as we repeatedly have explained, "[s]ection 2255 is not inadequate or ineffective merely because . . . the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255."  <u>Cradle v. United States ex rel. Miner</u>, 290 F.3d 536, 539 (3d Cir. 2002). Gordon also argues that the limitations placed on successive § 2255 motions violate the Suspension Clause, but the Supreme Court has held that they do not.  <u>See</u> <u>Felker v. Turpin</u>, 518 U.S. 651, 664 (1996); <u>United States v. Bendolph</u>, 409 F.3d 155, 167 n.18 (3d Cir. 2005) (en banc).

4

III.

For these reasons, we will affirm the judgment of the District Court.