J-S70016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| AARON WALTER ROBINSON | : | |
| | : | |
| Appellant | : | No. 852 MDA 2017 |

Appeal from the PCRA Order May 3, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001681-2012

BEFORE:  GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 24, 2018**

Aaron Walter Robinson ("Appellant") appeals *pro se* from the order

denying his petition for relief filed under the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S. § 9541–9546.  We affirm in part the order denying

collateral relief, vacate the judgment of sentence and remand for

resentencing.

This case arose out of multiple armed robberies and kidnappings of

Leroy Freeman in December of 2011 by Appellant and a co-defendant.[1]  The

Commonwealth charged Appellant with three counts of robbery, two counts

of kidnapping to facilitate a felony, criminal conspiracy, theft by extortion,

_____

[1]  We adopt the PCRA court's factual summary of this case, which is
supported by the certified record.  PCRA Court Opinion, 5/3/17, at 1–2.

and unlawful restraint/risking serious injury.[2]  Appellant absconded, but the United States Marshal's Fugitive Task Force eventually apprehended him on February 2, 2012, in Richmond, Virginia.  Following a three-day trial, a jury convicted Appellant of the foregoing offenses on January 18, 2013.  Prior to sentencing, the Commonwealth filed two notices of its intent to seek mandatory minimum sentences:  a minimum of ten years of incarceration because Appellant had a prior conviction for a crime of violence in 1993, and a minimum of five years of incarceration pursuant to 42 Pa.C.S. § 9712(a) because Appellant committed the instant offenses with a firearm.

The trial court sentenced Appellant on April 2, 2013, to incarceration for an aggregate term of thirty-six to seventy-two years.  Appellant filed post-sentence motions, which the trial court denied on July 9, 2013.  We affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal.  *Commonwealth v. Robinson*, 104 A.3d 60, 1281 MDA 2013 (Pa. Super. filed May 27, 2014) (unpublished memorandum), *appeal denied*, 104 A.3d 525, 446 MAL 2014 (Pa. filed December 10, 2014).

Appellant filed a timely *pro se* PCRA petition, challenging the effectiveness of trial and appellate counsel and the imposition of mandatory minimum sentences.  Petition, 7/24/15, at ¶ 6.  The PCRA court appointed

---

[2]  18 Pa.C.S. §§ 3701(a)(1)(ii), 2901(A)(2), 903(A)(1), 3923(A)(1), and 2902(A)(1), respectively.

counsel and granted leave to file an amended petition. Following two extensions for review of Appellant's collateral claims, PCRA counsel concluded that Appellant's petition did not present any issues of arguable merit. Consequently, counsel filed a no-merit letter pursuant to **Turner**/**Finley**[3] and a petition to withdraw on March 2, 2016.

The PCRA court determined that "there were no disputed issues of fact, [Appellant] was not entitled to relief, and no purpose would be served by any further proceedings." PCRA Court Opinion, 5/3/17, at 5. Accordingly, the PCRA court filed a notice of its intention to dismiss Appellant's petition without a hearing. Order, 3/7/16. Appellant did not file a response to counsel's petition to withdraw or the PCRA court's notice. The PCRA court then dismissed Appellant's petition and granted counsel leave to withdraw. Order, 5/3/17. The PCRA court did not direct Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), but it filed a Rule 1925(a) opinion, relying on its May 3, 2017 opinion and order dismissing Appellant's petition.

On appeal, Appellant presents three questions for our consideration:

1. Whether court[-]appointed PCRA counsel complied with the Turner/Finley withdrawal requirements as set forth in _Commonwealth v. Turner, 518 Pa. 491, 544 A.2d 927 (Pa. 1988)_, and _Commonwealth v. Finley, 379 Pa. Super. 390, 550 A.2d 213 (Pa. Super. 1988)_?

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

2. Whether the Appellant was illegally sentenced under 42 Pa.C.S.A. §9712(A), which has been deemed unconstitutional?

3. Whether court-appointed counsel, Janice L. Martino Longer, Esquire was ineffective during trial, sentencing, and on appeal?

Appellant's Brief at 6 (full capitalization and bold omitted).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)).  This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error.  *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012).  We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record.  *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

In his first issue, Appellant argues that PCRA counsel "did not comply with the Turner/Finley withdrawal requirements because she failed to identify each and every issue the Appellant raised in his initial pro se PCRA filing[.]"  Appellant's Brief at 16.  Specifically, Appellant claims, for the first time, that PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness in not challenging the legality of Appellant's sentence.  *Id.* at

14–24. Because the PCRA court did not order a Rule 1925(b) statement of errors, it did not address this issue.

Upon review, we are compelled to conclude that Appellant has waived this issue. In doing so, we rely on our analysis of the same situation in another case:

> [T]he PCRA court's Rule 907 notice was adequate where the court advised the parties of its reasons for dismissal and informing them of the twenty-day time limit to file a response to the notice. Here, the PCRA court's Rule 907 notice indicated the reason for dismissal was Appellant's issues lacked merit and alerted Appellant to the twenty-day response period. The court sent the Rule 907 notice to Appellant, Appellant's counsel, and the District Attorney's Office. The rule does not impose on the court any duty to explain to Appellant how to proceed or respond to the notice.

> Appellant had an affirmative duty to preserve his claims. If Appellant wanted to assert claims of ineffective assistance of PCRA counsel, he should have consulted counsel and/or the court to learn the correct procedure. Instead, Appellant did nothing in the [period] between the court's Rule 907 notice and dismissal of the petition. Thus, Appellant's substantive issues concerning PCRA counsel's assistance are waived, because Appellant failed to respond to the PCRA court's Rule 907 notice at any time before the court dismissed his petition. Once Appellant filed a notice of appeal, he waived his right to complain about PCRA counsel's stewardship, because Appellant was unable to raise those claims for the first time [on appeal].

> Moreover, throughout the PCRA proceedings Appellant, as petitioner, bore the burden to plead and prove his claims. *See* 42 Pa.C.S.A. §§ 9543(a), 9545(b). *See, e.g., Commonwealth v. Bardo*, ___ Pa. ___, 105 A.3d 678 (2014) (explaining counsel is presumed effective and petitioner bears burden to prove ineffective assistance of counsel); *Commonwealth v. Pitts*, 603 Pa. 1, 981 A.2d 875 (2009) (noting petitioner must satisfy rigorous burden to warrant evidentiary hearing for claims); *Commonwealth v. Clark*, 599 Pa. 204, 961 A.2d 80 (2008), *cert. denied*, 558 U.S. 1082, 130 S.Ct. 810, 175 L.Ed.2d 569

(2009) (stating petitioner bears burden to demonstrate his issues have not been previously litigated or waived). **Compare Commonwealth v. Ligons**, 601 Pa. 103, 971 A.2d 1125 (2009) (plurality) (stating where PCRA petitioner in capital case had evidentiary hearing on his PCRA claims, and Rule 907 notice was not implicated, petitioner could raise ineffective assistance of PCRA counsel claims for first time on appeal from denial of PCRA relief). Given Appellant's affirmative duties to preserve his claims of PCRA counsel's service, in the context of Rule 907 notice, Appellant cannot shift the burden to the court to instruct Appellant how to do so.

**Commonwealth v. Smith**, 121 A.3d 1049, 1055 (Pa. Super. 2015) (some internal citations omitted). Accordingly, because Appellant has waived his first issue, we decline to address it on the merits.

Next, Appellant argues that his sentence is illegal pursuant to **Alleyne v. United States**, 570 U.S. 99 (2013), because it included a mandatory minimum sentence based on 42 Pa.C.S. § 9712,[4] which has been deemed

---

[4] 42 Pa.C.S. § 9712 provides:

> **(a) Mandatory sentence.**—Except as provided under section 9716 (relating to two or more mandatory minimum sentences applicable), any person who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses), shall, if the person visibly possessed a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary. Such persons shall not be eligible for parole, probation, work release or furlough.

*(Footnote Continued Next Page)*

unconstitutional.  Appellant's Brief at 25.  According to Appellant, his *Alleyne*-based claim is "a non-waivable challenge to the legality of a sentence that could be raised on direct appeal, or in a timely filed PCRA petition." *Id.* at 31.

Again, the PCRA court did not address Appellant's sentencing claim. As for the Commonwealth, it argues that:

> [t]his issue, whether [Appellant's] mandatory minimum sentences are unconstitutional, and what ground or grounds might exist for such a claim, was not addressed by PCRA counsel's "no merit" letter, nor by the PCRA [c]ourt.  Even assuming that the original claim in the *pro se* petition can be said to be based on *Alleyne*, [Appellant] is not entitled to relief.
>
> In *Alleyne*, the United States Supreme Court held that any fact which allows for the imposition of a mandatory minimum sentence is an element of the offense which must be submitted to the jury and found beyond a reasonable doubt.  Alleyne, 135 S. Ct. at 2153.  The Pennsylvania Supreme Court and the United States Court of Appeals for the Third Circuit have held that *Alleyne* is not given retroactive effect.  *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016); *United States v. Reyes*, 755 F.3d 210 (3rd. Cir. 2014).

\* \* \*

*(Footnote Continued)* ─────────────

> **(b) Proof at sentencing.**—Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

> [Appellant's] Judgment of sentence became final on March 10, 2015, when the time for seeking review in the United States Supreme Court expired. The earliest that [Appellant] could be said to have challenged the constitutionality of his mandatory minimum sentence based on *Alleyne*, *supra*, is on July 24, 2015, when his *pro se* petition was filed. As *Alleyne* does not apply retroactively to cases on collateral review, [Appellant] is not entitled to relief.

Commonwealth's Brief at 12–14.

Upon review, we disagree with the Commonwealth that Appellant's sentencing challenge must fail. Generally, an ***Alleyne*** claim does not apply retroactively to cases on collateral review. ***See Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016). However, in ***Commonwealth v. Ruiz***, 131 A.3d 54 (Pa. Super 2015), this Court recognized that an ***Alleyne*** claim constitutes a non-waivable challenge to the legality of a sentence and may be raised for the first time in a timely-filed PCRA petition if the petitioner's judgment of sentence was not final when ***Alleyne*** was decided. ***Ruiz***, 131 A.3d at 60–61.

Here, the trial court sentenced Appellant on April 2, 2013, and his judgment of sentence became final on March 10, 2015. 42 Pa.C.S. § 9545(b)(3). ***Alleyne*** was decided in the interim, on June 17, 2013. Because Appellant's judgment of sentence was not final when ***Alleyne*** was decided and he timely filed a PCRA petition that included a legality-of-sentence claim, ***Alleyne*** is applicable to Appellant's case. ***Ruiz***, 131 A.3d at 60–61. Thus, applying ***Alleyne***, we agree with Appellant that the mandatory minimum sentence imposed under 42 Pa.C.S. § 9712 is illegal.

*See Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014) ("Because *Alleyne* and [*Commonwealth v.*] *Newman*, [99 A.3d 86 (Pa.Super.2014) (*en banc*)] render [Section] 9712 . . . unconstitutional, we vacate the judgment of sentence and remand for the re-imposition of sentence without consideration of any mandatory minimum sentence as provided by [Section] 9712. . . .").[5]

Finally, Appellant challenges the representation of his trial counsel. Appellant's Brief at 31. Our Supreme Court has long stated that in order to succeed on a claim of ineffective assistance of counsel ("IAC"), an appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001).

Specifically, Appellant claims that trial counsel:

was ineffective for failing to properly advise [Appellant] of his sentencing guidelines for the charges he was facing when discussing the plea offer from the District Attorney's office. . . . Had [Appellant] been given the proper information as to how he might be sentenced, it is very plausible that [he] would have eagerly accepted the plea that was being offered of nine (9)

---

[5] However, we note that the mandatory minimum sentence imposed under 42 Pa.C.S. § 9714, is not illegal. *See Commonwealth v. Riggle*, 119 A.3d 1058, 1064 (Pa. Super. 2015) ("In *Alleyne*, the Supreme Court held that the constitutional jury trial right requires any fact, **other than a prior conviction**, that triggers a mandatory minimum sentence to be proven beyond a reasonable doubt before the finder of fact." (emphasis supplied)).

- 9 -

years had it not been for his counsel's unconstitutional deficiency.

Appellant's Brief at 31, 33. The Commonwealth counters that, because Appellant raises trial counsel's ineffectiveness with regard to his sentencing for the first time in his appellate brief, his claim is untimely. Commonwealth's Brief at 7.

The PCRA court recognized that Appellant raised—and PCRA counsel addressed in her no-merit letter—a claim that trial counsel was ineffective for failing "to advise [Appellant] that a ten-year mandatory [sentence] applied to his case." PCRA Court Opinion, 5/3/17, at 9. The PCRA court concluded that this claim lacked merit. ***Id.***

Upon review, we discern no abuse of the PCRA court's discretion in rejecting Appellant's final argument. Although Appellant raised an IAC claim about trial counsel in his PCRA petition, PCRA Petition, 7/24/15, at ¶ 6, he failed to demonstrate that the underlying claim is of arguable merit. In fact, the PCRA court explained that the record belies Appellant's argument:

> Next, [Appellant] complains that trial counsel was ineffective for failing to inform him that if convicted he would be subject to a mandatory sentence of ten years' incarceration pursuant to 42 Pa.C.S.A. § 9714(a). The record establishes that [Appellant] was advised as early as June 25, 2012, during a bond hearing, that he was looking at a minimum ten-year sentence in this case. The prosecutor specifically stated: "This would be a second strike. So at a minimum, the defendant is looking at a sentence of 10 years in this case." (N.T., Bond Hearing at [78–79]). Accordingly, this claim lacks merit and must be dismissed.

PCRA Court Opinion, 5/3/17, at 17.  The record supports the PRCA court's findings, and its legal conclusion is without error.  Thus, Appellant's final issue does not warrant relief.

Based on the foregoing, we vacate Appellant's judgment of sentence and remand for resentencing consistent with this Memorandum.  We affirm the PCRA court's denial of collateral relief on Appellant's IAC claims about PCRA counsel and trial counsel.

Order denying collateral relief affirmed in part.  Judgment of sentence vacated.  Case remanded for resentencing.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/24/2018